### BIMBONI v. McCORMACK.

(Supreme Court, Appellate Term, First Department. February 15, 1916.)

1. JUDGMENT &#8660;172—DEFAULT—VACATION—PAYMENT OF COSTS.

Defendant's motion to open his default was granted upon condition that he should pay to plaintiff's attorney all taxable costs and $10 costs of the motion. Defendant's counsel sent plaintiff's attorney a check for an amount slightly less than the taxable costs and the $10 for the motion. A letter accompanying the check stated that it was given as a condition of opening the default. Plaintiff's counsel cashed the check after correspondence in which defendant's counsel had directed a return of the check if it was not accepted as payment for the privilege of opening the default. *Held*, that while defendant could not have evaded payment of the amount of the costs imposed, yet, as plaintiff could accept a less amount, a retention of the check entitled defendant to have the default opened.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 336; Dec. Dig. &#8660;172.]

2. APPEAL AND ERROR &#8660;91—ORDERS APPEALABLE.

Defendant is entitled to appeal from orders denying his motion to restore the action to the trial calendar and to vacate an order making the default judgment absolute, as a substantial right is involved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 612–641; Dec. Dig. &#8660;91.]

Appeal from City Court of New York, Special Term.

Action by Alberto Bimboni against John McCormack. From orders denying defendant's motion to restore the action to the trial calendar, and to vacate an ex parte order making the judgment absolute, defendant appeals. Motion to dismiss denied, and orders reversed; the motion to restore the case to the calendar being granted.

See, also, 157 N. Y. Supp. 299.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Bouvier & Dugro, of New York City (Wm. Montague Geer, Jr., of New York City, of counsel), for appellant.

Horace W. Palmer, of New York City, for respondent.

WEEKS, J. The defendant herein appeals from two orders of the City Court, one denying his motion to restore this action to the trial calendar, and one denying a motion to vacate an ex parte order making the judgment herein absolute and for substantially the same relief

---

&#8660;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as asked for in the first motion. The plaintiff moves to dismiss the appeals, upon the ground that the orders are nonappealable.

The material history of the case is as follows:

The plaintiff obtained a judgment against the defendant by default. He thereupon taxed his costs and disbursements in the sum of $77.92 and entered judgment for $1,677.34 damages and costs. Notice of retaxation was given, but was not opposed. Subsequently the defendant moved to open his default, which motion was granted, upon "condition that defendant, within five days after service of a copy of this order with notice of entry thereof, pay to the attorney for the plaintiff all taxable costs to date, besides $10 costs of this motion, the judgment to stand as security." The defendant appealed from this order to this court, and by order obtained an extension of time in which to pay the costs until the determination of the appeal. The defendant never perfected the appeal, but between the time of filing the notice of appeal and the time when the appeal should have been perfected it seems some conversations were had and letters written between the attorneys, looking to opening the default upon payment of less than the full amount of costs included in the judgment, and on October 8, 1915, one of the defendant's attorneys wrote the plaintiff's attorney as follows:

"I am inclosing to the order of your client, Alberto Bimboni, my personal check in the sum of $80 *as a condition of opening a default* in answering the action above entitled upon the day calendar." (The italics are mine.)

The check for $80 was inclosed in this letter. On October 11th the plaintiff's attorney wrote defendant's attorney a letter, the material portion being as follows:

"I am accepting said check, however, only in part payment of the amount due, which amount, according to the terms of the order, is 'all taxable costs to date, besides $10 costs of this motion.' I further desire to call your attention to the fact that the costs were taxed to the amount of $77.92, which, with the $10 costs of the motion to open the default, makes a total of $87.92."

Upon receipt of this letter the defendant's attorney immediately wrote again to plaintiff's attorney, in which letter he said, referring to the check:

"And if you do not receive it as payment for the privilege of opening the default in question you will forthwith return the check."

No reply was received to this letter, and plaintiff indorsed the check by his attorney, and the check was paid upon presentation. The appeal from the order opening the default was dismissed, substantially upon consent, and the defendant, as before stated, moved to restore the case to the trial calendar. Upon the hearings of the motions the plaintiff successfully claimed that the defendant had not complied with the conditions upon which the order opening the default was granted, and the decision in the lower court resulted in the orders appealed from.

[1] I am of the opinion that the motions should have been granted. Of course, it could not be said that the defendant fully complied with the terms of the order opening the default. The check for $80 sent plaintiff, however, was coupled with a statement that it was given

as a condition for opening the default. The defendant could not have evaded the payment of the amount of costs imposed by the order, if the plaintiff had insisted upon full compliance therewith; but the plaintiff was at liberty to accept a less amount. The doctrine of accord and satisfaction has no application to the situation; but the plaintiff cannot accept and retain the check, and at the same time reject the condition upon which it was given, and if he desired to retain his rights under the order he should have returned the check. Not having done so, even after demand therefor, he cannot afterwards be permitted in justice and equity to say that the defendant's default should not be opened.

"When a party with full knowledge, or with sufficient notice of his rights and of all the material facts, freely does what amounts to a recognition or adoption of a contract or transaction as existing, * * * he acquiesces in and assents to it, and is equitably estopped from impeaching it." Rothchild v. Title Guarantee & Trust Co., 204 N. Y. 458, 97 N. E. 879, 41 L. R. A. (N. S.) 740.

[2] Should these orders be affirmed, the defendant would be without remedy. The plaintiff cannot be compelled to apply the $80 upon the judgment, nor would the defendant's default be opened. It is therefore clear that a substantial right is affected, and the orders are therefore appealable.

Motion to dismiss the appeal denied, orders reversed, with $10 costs and disbursements, and the motion to restore the case to the calendar granted. All concur.